IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

ARIANE BRYAN,
    Plaintiff,
vs.                                                       Case No.:
COATES 1, INC.
 a Florida Profit Corporation
 and
Unknown Defendant #1; and
Unknown Defendant #2,
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**

Plaintiff, ARIANE BRYAN, by and through undersigned counsel hereby sues Defendant(s) COATS 1, INC., a Florida Profit Corporation (hereinafter "COATES") Unknown #1, and Unknown #2, and alleges as follows:

**Introduction**

1. This action is commenced pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. (hereinafter "ADA"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter "ADAAG"), in conjunction and alternatively with Chapter 553, Fla. Stat., commonly known as the Florida Americans with Disabilities Accessibility Implementation Act (hereinafter "FL ADAIA"), the Web Content Accessibility Guidelines 2.1, as amended (hereinafter "WCAG"), and section 508 of the Rehabilitation Act, 36 CFR Parts 1193 and 1194, as amended (hereinafter "Rehabilitation Act").

2. Venue is proper pursuant to §47.011 because it is in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.

3. Plaintiff, ARIANE BRYAN, resides is Marietta County, Georgia, is *sui juris*, and disabled as defined by the ADA (hereinafter "Plaintiff").

4. Plaintiff suffers from disability under the ADA and FL ADAIA due to mobility impairment, including but not limited to the use of a wheelchair, and is limited in major life activity by being unable to adequately traverse obstacles and/or walk without assistance.

5. Defendant COATES is a Florida Profit Corporation conducting or transacting business under the laws of the state of Florida, and otherwise operates within the jurisdiction of this Court (hereinafter "Defendant").

6. Defendant is the owner, lessee, lessor, and/or operator of real property and improvements, commonly known as the The Ebb Tide Hotel, located at 621 Bay Esplande, Clearwater FL 33767 (hereinafter the "Property").

7. Defendant is the owner, operator, sponsor, publisher and/or promoter of the website http://www.clearwaterbeachresorts.com/ (hereinafter "Website"), which provides to worldwide consumers access to an array of goods and services, including but not limited to the ability to view images of the Property, accommodations and amenities, learn about the surrounding community, book a reservation, and other exclusive features.

### COUNT I – Civil Rights Violation of the Americans with Disabilities Act

8. Plaintiff realleges and reincorporates the allegations contained in paragraphs 1 through 7 as if fully set forth herein.

9. Florida attracts people for a variety of reasons, including but not limited to its theme parks, wildlife, restaurants, retailers, museums, beaches, and/or otherwise invites people to tour within the state.

10. The internet has become a significant source of information, a portal and tool for conducting transactions, such as researching, shopping, and other activities, all of which are open to the public.

11. The international Websites Standards Organization and World Wide Web consortium published well-established guidelines, namely the WCAG, for web content accessibility to persons with disabilities and are universally followed by most business entities and government agencies. These guidelines are readily available via the internet so that a business designing a website can easily access the standards, and provide several basic components to incorporate into the website so that persons with disability may have accessibility.

12. Through the use of the Website, the Defendant offers information to the public concerning the Property and/or surrounding area(s) of interest, and otherwise purposely targets or solicits business from persons located throughout the world for pecuniary gain. The Website provides to the public a wide array of the goods, services, price specials and other accommodations offered by Defendant. Yet, the Website contains access barriers that make it difficult, if not impossible for persons with disabilities to view and/or complete a transaction on the Website. In fact, the access barriers make it impossible for persons with disabilities to view and/or complete a transaction on the Website. Thus, the Defendant excludes persons with disabilities, such as the Plaintiff, from the full and equal participation in the growing internet economy that is increasingly a fundamental part of the common marketplace and daily living. In the wave of technological advances in recent years, computer technology is becoming an increasingly prominent part of everyday life, allowing persons with disabilities to fully and independently access a variety of goods, services and accommodations. The lack of an

accessible Website means that persons with disabilities are excluded from experiencing transactions with Defendant's Website and from purchasing goods or services therefrom.

13. Defendant uses standards, criteria or methods of administration that have the effect of discriminating or perpetrating the discrimination of a protected class. Because of Defendant's denial of full and equal access to, and enjoyment of, the goods, benefits, services, and privileges of the Website, the Plaintiff, and those similarly situated, has suffered an injury in fact, which is concrete and particularized, actual and is a direct result of Defendant's conduct.

14. A direct nexus exists between the Website and Property because the Website promotes the Property, and therefore must include equal and full enjoyment of the goods and services offered to the public.

15. Defendant's Property and Website are places of public accommodation within the definition of the ADA, ADAAG, FL ADAIA, WCAG and/or the Rehabilitation Act, and are not exempt.

16. On or about March 22, 2019, Plaintiff accessed the Defendant's Website to determine whether the Defendant's property was suitable for Plaintiff's accommodations because Plaintiff desires to visit the area. However, the inaccessibility of the Defendant's Website has deterred Plaintiff from being able to do so.

17. Plaintiff, and similarly situated individuals, encountered the following barriers on Defendant's Website, including but not limited to lack of photographs of the accommodations for persons with disabilities and no link to allow booking for an accessible accommodation.

18. Defendant's failure to design, construct, maintain, and/or operate its Website to be fully accessible to and independently useable by Plaintiff and other persons similarly situated,

has denied equal access to the goods, services, facilities, privileges, advantages and/or accommodations offered to non-disabled persons throughout the world.

19. Defendant's construction and maintenance of the Website that is inaccessible to a protected class member is/was with knowledge of the discrimination; is/was sufficiently intuitive or obvious of its inaccessibility to a protected class member; and/or Defendant failed to remediate these access barriers in the face of substantial harm and discrimination to a protected class member.

20. Defendant's denial of full and equal access to its Website, and thus the denial of its products and services offered to all, constitutes a violation of Plaintiff's civil liberties under the ADA, ADAAG, FL ADAIA, WCAG, and the Rehabilitation Act.

21. The lack of the navigation links of the Defendant's Website that disclose the specific accommodations required by Plaintiff and those similarly situated, makes it impossible for Plaintiff to determine whether the Property offers suitable accommodation for Plaintiff's disability.

22. Unless the Defendant is enjoined to bring the Website into ADA compliance, because the Plaintiff's disabilities, Plaintiff will be restricted and/or limited in the future unless and until Defendant is compelled to remedy the ADA, ADAAG, FL ADAIA, WCAG and/or the Rehabilitation Act violations that exist, including those set forth in the Complaint filed herein.

23. Because Defendant's Website is not equally accessible to persons with disabilities, it violates the ADA, ADAAG, FL ADAIA, WCAG, and/or the Rehabilitation Act; therefore Plaintiff seeks an injunction to cause a change in Defendant's policies, practices and procedures so that Defendant's Website will become and remain accessible to disabled

consumers. This Complaint also seeks attorney's fees, costs and litigation expenses for Plaintiff having been subjected to unlawful discrimination.

24. Plaintiff will return within 90 days after service of this Complaint to revisit the Website and to partake of the community and business offerings.

25. Plaintiff encountered barriers, identified herein to the extent possible, and as a result, suffered mental and/or physical harm and will continue to suffer such harm as a direct and proximate result of Defendant's violation of the ADA, ADAAG, FL ADAIA, WCAG, and/or the Rehabilitation Act.

26. Plaintiff's harm includes, but is not limited to discrimination, embarrassment, humiliation, distress, and anxiety.

27. Defendant has discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of the Property as prohibited by the ADA, ADAAG, FL ADAIA, WCAG, and/or the Rehabilitation Act, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist on the Website/Property and make the Website/Property accessible to and useable by person with disabilities, including Plaintiff.

28. The removal of the barriers, dangerous conditions, and ADA, ADAAG, FL ADAIA, WCAG, and/or the Rehabilitation Act violations is readily achievable and does not constitute an undue burden to remedy the same.

29. Any and all conditions precedent to this action have been fulfilled, performed or waived; specifically, on or before April 4, 2019, the undersigned performed a diligent search of

online public records, and according to those records, the Defendant has not registered for remediation nor has been sued for violations described herein.

30. Plaintiff has suffered actual discrimination and unless Defendant is immediately enjoined from continuing non-compliance with the ADA, ADAAG, FL ADAIA, WCAG, and the Rehabilitation Act, Plaintiff will continue to suffer irreparable injury.

31. Plaintiff is without adequate remedy at law and is suffering irreparable injury, and reasonably anticipates that Plaintiff will continue to suffer irreparable harm unless and until Defendant is required to remove the barriers, dangerous conditions, and ADA, ADAAG, FL ADAIA, WCAG, and/or the Rehabilitation Act violations that exist at the Website/Property, including those set forth herein.

32. Given Defendant's conduct, apparent intention, and persistent non-compliance with the ADA, ADAAG, FL ADAIA, WCAG, and/or the Rehabilitation Acts, Plaintiff needs and is entitled to injunctive relief.

33. The requested injunction is reasonably necessary to protect the legal rights of the Plaintiff and others similarly situated and will have no adverse effect of the public welfare.

34. Plaintiff has retained the undersigned counsel to commence and prosecute this action. Plaintiff is entitled to injunctive relief compelling Defendant to bring the Website/Property into compliance, where readily achievable, with the ADA, ADAAG, FL ADAIA, WCAG, and/or the Rehabilitation Act; an award of reasonable attorney's fees, costs, and expenses from Defendant that were incurred by prosecuted this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Honorable Court to find that the Defendant's Website and/or Property violated the ADA, ADAAG, FL ADAIA, WCAG, and/or the Rehabilitation Act; that the remedies are readily achievable without undue hardship and are reasonable accommodations; enjoin the Defendant from continuing discriminatory practices; order Defendant to remove the barriers of access; alter the Website/Property to accommodate persons with disabilities and/or alter the subject Website/Property to make it accessible to and useable by Plaintiff and other individuals with disabilities to the extent required by the law; award Plaintiff's reasonable attorney's fees, costs and expenses incurred; and to grant such other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all such justiciable issues.

## SPOLIATION DEMAND

Plaintiff demands that the Defendant preserve all documents, tangible things, and electronically stored information (ESI) potentially relevant to the issues in this cause. Defendant as used in this Demand refers to COATES 1 INC., a Florida Profit Corporation and its predecessors, successors, parents, subsidiaries, divisions, or affiliates, and their respective officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions. This demand includes, but is not limited to, the suspension of features of Defendant's information systems and devices, that, in routine operation, operate to cause loss of potentially relevant ESI. Examples of such features include the purging of contents of email repositories by age, capacity, or other criteria, using data

wiping devices or services, over-writing, erasing or destroying back-up media, reassigning, reimaging or disposing of systems, servers, and devices.

Dated: April 4, 2019

                        Respectfully submitted,

                        MCDONALD & MINCE, PLLC

                        __/s/ Melissa Gilkey Mince_____
                        Melissa GilkeyMince, Esq. / FBN: 546230
                        Email: mmince@mcdonaldandmincelaw.com
                        Tel: 727- 687-9707
                        Layla K. McDonald, Esq. / FBN: 11308
                        Email: lmcdonald@mcdonaldandmincelaw.com
                        Tel: 727-667-2269
                        801 West Bay Drive, Suite 113
                        Largo, Florida 33770
                        Secondary Email: eserve@mcdonaldandmincelaw.com